UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM A. WATSON,<br><br>                Petitioner,<br><br>    v.<br><br>DAN WHITE,<br><br>                Respondent. | CASE NO. 3:15-CV-05076-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 10, 2015 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

BACKGROUND

In December of 2010, Petitioner pleaded guilty to two counts of indecent liberties without forcible compulsion. Dkt. 14, Exhibit 1. Petitioner was sentenced to a total of 174 months of confinement and consecutive terms of community custody for any period after he is released from confinement prior to the expiration of the maximum sentence. *See id*. Petitioner did not

challenge his conviction and sentence on direct appeal. *See* Dkt. 6. Petitioner also did not file a state collateral attack. *See id.*

On February 4, 2015, Petitioner signed, effectively filing[1], his federal habeas Petition. Dkt. 6, p. 15. Respondent maintains the Petition was signed after the statute of limitations expired, and therefore the Petition is untimely and should be dismissed with prejudice. Dkt. 13. Petitioner did not file a Response to Respondent's Answer.[2]

## DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". If a petitioner fails to seek direct review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a notice of appeal, the judgment becomes final at the end of the thirty day period, as it marks the expiration of the time for seeking direct review pursuant to § 2244(d)(1)(A). The Act further states "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEPDA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001).

[2] Petitioner has not requested an evidentiary hearing, and the Court concludes an evidentiary hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner did not file a direct appeal challenging his conviction, making his state conviction final on January 20, 2011, the date the time for filing a notice of appeal expired. The AEDPA limitations period began running the next day, January 21, 2011. Petitioner did not file a state collateral attack. Therefore, the statute of limitations expired on January 21, 2012, one year after Petitioner's state conviction became final. Petitioner did not file his Petition until February 4, 2015, more than three years after the statute of limitations expired.

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir. 2005). Petitioner fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. Further, Petitioner fails to explain why he waited approximately four years after his state conviction became final before pursuing post-conviction relief. Accordingly, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the statute of limitations.[3]

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

---

[3] Respondent also asserts the Petition should be denied because Petitioner failed to exhaust the available state remedies and is now procedurally barred in federal court. Dkt. 13. As the Court finds the Petition is time-barred, the Court declines to discuss Respondent's additional arguments.

may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year statute of limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 10, 2015, as noted in the caption.

Dated this 19th day of June, 2015.

David W. Christel
United States Magistrate Judge